IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| DUANE "DOG" CHAPMAN and BETH CHAPMAN, | ) ) ) | CIVIL NO. 08-00579 HG-LEK |
| Plaintiffs, | ) ) ) |  |
| vs. | ) ) |  |
| MAUREEN KEDES KRUTONOG, fka MAUREEN KEDES; VERTEX COMMUNICATIONS LLC, a limited liability company, DOE DEFENDANTS 1-20, DOE CORPORATIONS 1-20 and DOE PARTNERSHIPS 1-20, | ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

## ORDER DENYING PETITIONERS DUANE CHAPMAN AND BETH CHAPMAN'S MOTION TO INTERVENE

Before the Court is Petitioners Duane Chapman and Beth Chapman's (collectively "Petitioners") Motion to Intervene ("Motion"), filed on August 7, 2009.  Defendants Boris Krutonog and Pivot Point Entertainment LLC (collectively "Defendants") filed their memorandum in opposition on August 27, 2009. Plaintiffs Duane Lee Chapman II, Leland Chapman, and Tim Chapman[1] (collectively "Plaintiffs") filed their statement of no opposition also on August 27, 2009.  Petitioners filed their reply memorandum on September 10, 2009.  The Court finds this

---

[1] Duane Lee Chapman II and Leland Chapman are Petitioners' sons.  Tim Chapman is Duane Chapman's "hanai" brother.

matter suitable for disposition without a hearing pursuant to
Rule LR7.2(d) of the Local Rules of Practice of the United States
District Court for the District of Hawai`i ("Local Rules").
After careful consideration of the Motion, supporting and
opposing memoranda, and the relevant legal authority, the Motion
is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Petitioners and Plaintiffs are bounty hunters and stars
of the A&E Network television show "Dog the Bounty Hunter" ("the
Program").

## I.   Chapman I

In approximately March 2005, Petitioners' company, Dog
Corporation, contracted with Defendant Vertex Communications, LLC
("Vertex") to have Maureen Kedes Krutonog, formerly known as
Maureen Kedes ("Kedes") and Vertex, provide public relations
services for Petitioners and the Program.  Although the contract
expired in June 2005, Kedes and Vertex (collectively
"Kedes/Vertex") continued to provide publicity services for
Petitioners and the Program until Petitioners terminated their
services in approximately May 2006.

On October 23, 2008, Petitioners filed the lawsuit
known as Duane "Dog" Chapman, et al. v. Maureen Kedes Krutonog,
et al., Civil No. 08-1-2181-10 VSM ("Chapman I"), in state court.
The Complaint alleges claims for: breach of fiduciary duty;

2

fraudulent concealment; and negligent or intentional misrepresentation.  Petitioners seek general, special, consequential, and incidental damages, attorney's fees and costs, prejudgment interest, and other appropriate relief.

On December 8, 2008, Kedes/Vertex removed Chapman I based on diversity jurisdiction.[2]  The notice of removal contained an express reservation of all defenses, including, *inter alia*, lack of personal jurisdiction.  On December 15, 2008, Kedes/Vertex filed a Motion to Dismiss Complaint Pursuant to FRCP 12(b)(2), which the district judge denied on September 22, 2009.

## II. Chapman II

On October 23, 2008, Plaintiffs filed the instant action, known as Duane Lee Chapman II, et al. v. Krutonog, et al., Civil No. 08-1-2180-10 GJK ("Chapman II"), in state court. Plaintiffs allege that Defendants engaged in various improper acts while purportedly working as Plaintiffs' manager and "de facto talent agent".  [Complaint at ¶ 5.]  The primary allegation is that Defendants negotiated contractual provisions which were favorable to Defendants at Plaintiffs' expense.  The Complaint alleges the following claims: breach of fiduciary duty; constructive fraud, fraudulent concealment; and misrepresentation.  Plaintiffs seek: a declaration that

---

[2]  The federal court case number for Chapman I is CV 08-00552 HG-LEK.

Defendants are not entitled to further compensation under any
unlawful agreements; general, special, consequential, and
incidental damages; attorneys' fees and costs; prejudgment
interest; and any other appropriate relief.  On December 18,
2008, Defendants removed the instant action based on diversity
jurisdiction.

In the instant Motion, Petitioners argue that they are
entitled to intervene in <u>Chapman II</u> as a matter of right because
they have an interest in maintaining the privacy and
confidentiality of financial and trade secret information.

In their memorandum in opposition, Defendants argue
that the Motion is unnecessary because there is a Stipulated
Protective Order in place which provides that a non-party may
designate confidential information.  Defendants question the need
for any further protection and characterize Petitioners' claims
of privacy as being exaggerated or involving documents that
Petitioners already disclosed in other proceedings, thereby
waiving any right to privacy.[3]

In their reply, Petitioners reiterate that: the Motion
is timely; they have a right to privacy which mandates
intervention; and they cannot adequately protect their privacy

---

[3] Defendants also urged the Court to hold the Motion in
abeyance or to deny it pending the district judge's ruling on the
motion to dismiss in <u>Chapman I</u>.  This argument is now moot in
light the denial of the motion to dismiss on September 22, 2009.

rights without intervention.

## DISCUSSION

A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Petitioners have complied with this requirement by attaching a proposed complaint to the Motion. However, this Court cannot conclude that Petitioners have fully stated, either in the Motion or in the proposed complaint, "the legal and factual grounds for intervention." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992). Petitioners provide only a general reference to their right to privacy and to the existence of financial information and trade secrets.

Rule 24(a) provides:

(a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
        (1) is given an unconditional right to intervene by a federal statute; or
        (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Petitioners do not argue that they have a statutory right to intervene. In order to intervene pursuant to Rule 24(a)(2), they must show that:

(1) the intervention application is timely; (2) the applicant has a significant protectable

5

interest relating to the property or transaction
that is the subject of the action; (3) the
disposition of the action may, as a practical
matter, impair or impede the applicant's ability
to protect its interest; and (4) the existing
parties may not adequately represent the
applicant's interest.

Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (citation
and internal quotation marks omitted).  The proposed intervenor
has the burden of establishing each and every one of these
elements, but courts interpret the elements broadly in favor of
intervention.  See id.

The instant action is in the early stages of litigation
and thus the Motion was timely filed.  Petitioners, however, fail
to demonstrate that Plaintiffs may not adequately represent
Petitioners' interest.

"The 'most important factor' to determine whether a
proposed intervenor is adequately represented by a present party
to the action is 'how the [intervenor's] interest compares with
the interests of existing parties.'"  Perry v. Proposition 8
Official Proponents, ___ F.3d ___, No. 09-16959, 2009 WL 3857201,
at *2 (9th Cir. Nov. 19, 2009) (quoting Arakaki v. Cayetano, 324
F.3d 1078, 1086 (9th Cir. 2003)) (alteration in original).  This
Court finds that Plaintiffs can adequately represent Petitioners'
privacy and other interests in Chapman II.  Petitioners and
Plaintiffs are related to one another, are in business with one
another, and (most importantly) are all represented by the same

team of attorneys.  Their collective objectives in their
respective litigations are essentially identical in that they are
all united in their efforts against Krutonog and Kedes.  "When an
applicant for intervention and an existing party have the same
ultimate objective, a presumption of adequacy of representation
arises.  If the applicant's interest is identical to that of one
of the present parties, a compelling showing should be required
to demonstrate inadequate representation."  Prete, 438 F.3d at
956 (citation omitted).  This Court concludes that Petitioners
have failed to rebut the presumption that Plaintiffs adequately
represent Petitioners' interest.

        In addition, the stipulated protective order filed on
May 28, 2009 in Chapman II provides that parties and non-parties
may designate documents as confidential.  Should there be a
dispute, the parties are able to request court assistance.  See,
e.g., LR37.1(c).  Plaintiffs' counsel, who also represent
Petitioners, will be able to advise Petitioners of any discovery
disputes in Chapman II that may affect Petitioners' interests,
and Petitioners may seek leave to participate in the discovery
motion, conference, or other proceedings if necessary to protect
their interests.

        As Petitioners are not able to demonstrate that their
interests are inadequately represented in the instant action,
this Court need not analyze the remaining elements for

intervention.   The Court therefore finds that Petitioners are not entitled to intervention as of right.

## III. <u>Permissive Intervention</u>

Rule 24(b) states, in pertinent part:

(b) Permissive Intervention.
(1) In General.  On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b).  Petitioners have not identified any statute that confers a conditional right to intervene in this case.  Further, Petitioners have not alleged any independent claims.  This Court therefore finds that permissive intervention is not warranted in this case.

<u>CONCLUSION</u>

On the basis of the foregoing, Petitioners' Motion to Intervene, filed on August 7, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 9, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DUANE "DOG" CHAPMAN AND BETH CHAPMAN V. MAUREEN KEDES KRUTONOG, ET AL; CIVIL NO 08-00579 HG-LEK; ORDER DENYING PETITIONERS DUANE CHAPMAN AND BETH CHAPMAN'S MOTION TO INTERVENE**