IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DUANE LEE CHAPMAN II, LELAND )     CIVIL NO. 08-00579 HG-LEK
CHAPMAN, and TIM CHAPMAN,     )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
BORIS KRUTONOG, PIVOT POINT   )
ENTERTAINMENT, LLC, a limited )
liability company, DOE        )
DEFENDANTS 1-20, DOE          )
CORPORATIONS 1-20, and DOE    )
PARTNERSHIPS 1-20,            )
                              )
          Defendants.         )
_____ )

**AMENDED ORDER DENYING PETITIONERS DUANE CHAPMAN
AND BETH CHAPMAN'S MOTION TO INTERVENE**

Before the Court is Petitioners Duane Chapman and

Beth Chapman's (collectively "Petitioners") Motion to Intervene

("Motion"), filed on August 7, 2009.  Defendants Boris Krutonog

and Pivot Point Entertainment LLC (collectively "Defendants")

filed their memorandum in opposition on August 27, 2009.

Plaintiffs Duane Lee Chapman II, Leland Chapman, and Tim Chapman[1]

(collectively "Plaintiffs") filed their statement of no

opposition also on August 27, 2009.  Petitioners filed their

reply memorandum on September 10, 2009.  The Court finds this

matter suitable for disposition without a hearing pursuant to

Rule LR7.2(d) of the Local Rules of Practice of the United States

_____

[1] Duane Lee Chapman II and Leland Chapman are Petitioners'
sons.  Tim Chapman is Duane Chapman's "hanai" brother.

District Court for the District of Hawai`i ("Local Rules").
After careful consideration of the Motion, supporting and
opposing memoranda, and the relevant legal authority, the Motion
is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Petitioners and Plaintiffs are bounty hunters and stars
of the A&E Network television show "Dog the Bounty Hunter" ("the
Program").

## I.   Chapman I

In approximately March 2005, Petitioners' company, Dog
Corporation, contracted with Defendant Vertex Communications, LLC
("Vertex") to have Maureen Kedes Krutonog, formerly known as
Maureen Kedes ("Kedes") and Vertex, provide public relations
services for Petitioners and the Program.  Although the contract
expired in June 2005, Kedes and Vertex (collectively
"Kedes/Vertex") continued to provide publicity services for
Petitioners and the Program until Petitioners terminated their
services in approximately May 2006.

On October 23, 2008, Petitioners filed the lawsuit
known as Duane "Dog" Chapman, et al. v. Maureen Kedes Krutonog,
et al., Civil No. 08-1-2181-10 VSM ("Chapman I"), in state court.
The Complaint alleges claims for: breach of fiduciary duty;
fraudulent concealment; and negligent or intentional
misrepresentation.  Petitioners seek general, special,

2

consequential, and incidental damages, attorney's fees and costs, prejudgment interest, and other appropriate relief.

On December 8, 2008, Kedes/Vertex removed Chapman I based on diversity jurisdiction.[2]  The notice of removal contained an express reservation of all defenses, including, inter alia, lack of personal jurisdiction.  On December 15, 2008, Kedes/Vertex filed a Motion to Dismiss Complaint Pursuant to FRCP 12(b)(2), which the district judge denied on September 22, 2009.

## II.  Chapman II

On October 23, 2008, Plaintiffs filed the instant action, known as Duane Lee Chapman II, et al. v. Krutonog, et al., Civil No. 08-1-2180-10 GJK ("Chapman II"), in state court. Plaintiffs allege that Defendants engaged in various improper acts while purportedly working as Plaintiffs' manager and "de facto talent agent".  [Complaint at ¶ 5.]  The primary allegation is that Defendants negotiated contractual provisions which were favorable to Defendants at Plaintiffs' expense.  The Complaint alleges the following claims: breach of fiduciary duty; constructive fraud, fraudulent concealment; and misrepresentation.  Plaintiffs seek: a declaration that Defendants are not entitled to further compensation under any unlawful agreements; general, special, consequential, and

---

[2]  The federal court case number for Chapman I is CV 08-00552 HG-LEK.

3

incidental damages; attorneys' fees and costs; prejudgment
interest; and any other appropriate relief.  On December 18,
2008, Defendants removed the instant action based on diversity
jurisdiction.

In the instant Motion, Petitioners argue that they are
entitled to intervene in <u>Chapman II</u> as a matter of right because
they have an interest in maintaining the privacy and
confidentiality of financial and trade secret information.

In their memorandum in opposition, Defendants argue
that the Motion is unnecessary because there is a Stipulated
Protective Order in place which provides that a non-party may
designate confidential information.  Defendants question the need
for any further protection and characterize Petitioners' claims
of privacy as being exaggerated or involving documents that
Petitioners already disclosed in other proceedings, thereby
waiving any right to privacy.[3]

In their reply, Petitioners reiterate that: the Motion
is timely; they have a right to privacy which mandates
intervention; and they cannot adequately protect their privacy
rights without intervention.

<u>**DISCUSSION**</u>

---

[3] Defendants also urged the Court to hold the Motion in
abeyance or to deny it pending the district judge's ruling on the
motion to dismiss in <u>Chapman I</u>.  This argument is now moot in
light the denial of the motion to dismiss on September 22, 2009.

4

A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  Petitioners have complied with this requirement by attaching a proposed complaint to the Motion.  However, this Court cannot conclude that Petitioners have fully stated, either in the Motion or in the proposed complaint, "the legal and factual grounds for intervention."  <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 474 (9th Cir. 1992).  Petitioners provide only a general reference to their right to privacy and to the existence of financial information and trade secrets.

Rule 24(a) provides:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>     (1) is given an unconditional right to intervene by a federal statute; or
>     (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  Petitioners do not argue that they have a statutory right to intervene.  In order to intervene pursuant to Rule 24(a)(2), they must show that:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability

to protect its interest; and (4) the existing
parties may not adequately represent the
applicant's interest.

Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (citation

and internal quotation marks omitted).  The proposed intervenor

has the burden of establishing each and every one of these

elements, but courts interpret the elements broadly in favor of

intervention.  See id.

The instant action is in the early stages of litigation

and thus the Motion was timely filed.  Petitioners, however, fail

to demonstrate that Plaintiffs may not adequately represent

Petitioners' interest.

"The 'most important factor' to determine whether a

proposed intervenor is adequately represented by a present party

to the action is 'how the [intervenor's] interest compares with

the interests of existing parties.'"  Perry v. Proposition 8

Official Proponents, ___ F.3d ___, No. 09-16959, 2009 WL 3857201,

at *2 (9th Cir. Nov. 19, 2009) (quoting Arakaki v. Cayetano, 324

F.3d 1078, 1086 (9th Cir. 2003)) (alteration in original).  This

Court finds that Plaintiffs can adequately represent Petitioners'

privacy and other interests in Chapman II.  Petitioners and

Plaintiffs are related to one another, are in business with one

another, and (most importantly) are all represented by the same

team of attorneys.  Their collective objectives in their

respective litigations are essentially identical in that they are

all united in their efforts against Krutonog and Kedes.   "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises.   If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation."   <u>Prete</u>, 438 F.3d at 956 (citation omitted).   This Court concludes that Petitioners have failed to rebut the presumption that Plaintiffs adequately represent Petitioners' interest.

In addition, the stipulated protective order filed on May 28, 2009 in <u>Chapman II</u> provides that parties and non-parties may designate documents as confidential.   Should there be a dispute, the parties are able to request court assistance.   <u>See</u>, <u>e.g.</u>, LR37.1(c).   Plaintiffs' counsel, who also represent Petitioners, will be able to advise Petitioners of any discovery disputes in <u>Chapman II</u> that may affect Petitioners' interests, and Petitioners may seek leave to participate in the discovery motion, conference, or other proceedings if necessary to protect their interests.

As Petitioners are not able to demonstrate that their interests are inadequately represented in the instant action, this Court need not analyze the remaining elements for intervention.   The Court therefore finds that Petitioners are not entitled to intervention as of right.

7

## III. **Permissive Intervention**

Rule 24(b) states, in pertinent part:

> (b) Permissive Intervention.
>> (1) In General.  On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b).  Petitioners have not identified any statute that confers a conditional right to intervene in this case.  Further, Petitioners have not alleged any independent claims.  This Court therefore finds that permissive intervention is not warranted in this case.

### CONCLUSION

On the basis of the foregoing, Petitioners' Motion to Intervene, filed on August 7, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 9, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DUANE LEE CHAPMAN, II, LELAND CHAPMAN AND TIM CHAPMAN V. BORIS KRUTONOG, ET AL; CIVIL NO 08-00579 HG-LEK; AMENDED ORDER DENYING PETITIONERS DUANE CHAPMAN AND BETH CHAPMAN'S MOTION TO INTERVENE**