IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DUANE LEE CHAPMAN II, LELAND ) | CIVIL NO. 08-00579 HG-LEK |
| CHAPMAN, and TIM CHAPMAN,   ) | |
|                            ) | |
|         Plaintiffs,        ) | |
|                            ) | |
|      vs.                   ) | |
|                            ) | |
| BORIS KRUTONOG, PIVOT POINT ) | |
| ENTERTAINMENT, LLC, a limited ) | |
| liability company, DOE     ) | |
| DEFENDANTS 1-20, DOE       ) | |
| CORPORATIONS 1-20, and DOE ) | |
| PARTNERSHIPS 1-20,         ) | |
|                            ) | |
|         Defendants.        ) | |
| _____ ) | |

**ORDER GRANTING IN PART AND DENIED IN PART DEFENDANTS'
MOTION TO (1) PROVISIONALLY FILE DOCUMENTS IN SUPPORT OF
THEIR MOTION TO DISMISS UNDER SEAL, (2) SET A DATE FOR
HEARING ON THE MOTION TO DISMISS AFTER FEBRUARY 10, 2010,
AND (3) ESTABLISH A DATE FOR UNSEALING THE
PROVISIONALLY SEALED DOCUMENTS ABSENT THE PROPONENT MEETING
THE STANDARD OF CONTINUED SEALING, FILED DECEMBER 18, 2009**

Before the Court is Defendants Boris Krutonog and Pivot Point Entertainment, LLC's (collectively "Defendants") Motion to (1) Provisionally File Documents in Support of Their Motion to Dismiss under Seal, (2) Set a Date for Hearing on the Motion to Dismiss after February 10, 2010, and (3) Establish a Date for Unsealing the Provisionally Sealed Documents Absent the Proponent Meeting the Standard of Continued Sealing, filed December 18, 2009 ("Motion").  On January 11, 2010, Plaintiffs Duane Lee Chapman II, Leland Chapman, and Tim Chapman (collectively

"Plaintiffs") filed their Response to Defendants' Motion. Defendants filed their reply memorandum on January 13, 2010.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`I ("Local Rules"). After careful consideration of the Motion, supporting memoranda, and the relevant case law, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

Defendants seek the following in their Motion: first, to provisionally seal documents in support of their motion to dismiss; second, to set a date for hearing on the motion to dismiss for a date after February 10, 2010; and third, to establish a date for unsealing the provisionally sealed documents absent the proponent meeting the standard for continued sealing. Plaintiffs do not object to the Motion and, in fact, support it.

The public has a general right to inspect and copy judicial documents so that it can monitor how public agencies work. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7, 598 (1978)). A narrow range of documents, which have "traditionally been kept secret for important policy reasons[,]" is not subject to the right of public access. Id. (citation and quotation marks omitted). According to Ninth

2

Circuit case law, grand jury transcripts and warrant materials in a pending pre-indictment investigation are such documents. Unless the documents fall within those categories, there is a strong presumption of public access.  See id.

In order to overcome the strong presumption, a party seeking to seal judicial records must "articulate[] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. at 1178-79 (citations and quotation marks omitted) (alteration in original).  The court reviewing the request to seal must balance the competing interests of the public and the party making the request.  See id. at 1179.  The fact that the records may be embarrassing or incriminating, or may expose the person to more litigation does not by itself require the court to seal the records.  See id. (citation omitted).

Plaintiffs filed their Motion to Seal Portions of Defendants' Motion to Dismiss First Amended Complaint, or in the Alternative, for Stay, on January 19, 2010 ("Motion to Seal"). This Court has set a briefing schedule, the memorandum in opposition, if any, to the Motion to Seal is due by February 5, 2010 and the reply memorandum, if any, is due by February 22, 2010.

Defendants' Motion is hereby GRANTED to the extent that the documents are provisionally sealed until March 5, 2010, or such time as this Court issues its decision on Plaintiffs' Motion to Seal.  Plaintiffs are gently reminded of the considerable burden they have to demonstrate in order to seal court records. In all other respects, the Motion is hereby DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 29, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DUANE LEE CHAPMAN II, ET AL. V. BORIS KRUTONOG, ET AL; CIVIL NO. 08-00579 HG-LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO (1) PROVISIONALLY FILE DOCUMENTS IN SUPPORT OF THEIR MOTION TO DISMISS UNDER SEAL, (2) SET A DATE FOR HEARING ON THE MOTION TO DISMISS AFTER FEBRUARY 10, 2010, AND (3) ESTABLISH A DATE FOR UNSEALING THE PROVISIONALLY SEALED DOCUMENTS ABSENT THE PROPONENT MEETING THE STANDARD OF CONTINUED SEALING, FILED DECEMBER 18, 2009**