IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DUANE LEE CHAPMAN II, LELAND CHAPMAN, and TIM CHAPMAN, | ) ) ) | CIVIL NO. 08-00579 HG-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| BORIS KRUTONOG, PIVOT POINT ENTERTAINMENT, LLC, a limited liability company, DOE DEFENDANTS 1-20, DOE CORPORATIONS 1-20, and DOE PARTNERSHIPS 1-20, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO SEAL PORTIONS OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR STAY, AND SUPPORTING MEMORANDA AND EXHIBITS**

Before the Court is Plaintiffs Duane Lee Chapman II, Leland Chapman, and Tim Chapman's (collectively "Plaintiffs") Motion to Seal Portions of Defendants' Motion to Dismiss First Amended Complaint, or in the Alternative, for Stay, and Supporting Memoranda and Exhibits ("Motion"), filed on January 19, 2010.  Defendants Boris Krutonog and Pivot Point Entertainment, LLC's (collectively "Defendants") filed their memorandum in opposition on February 5, 2010, and Plaintiffs filed their reply on February 22, 2010.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules").

After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Duane "Dog" Chapman and Beth Chapman (collectively "Dog and Beth Chapman") and Plaintiffs (all collectively "the Chapmans") are bounty hunters and stars of the A&E Network television show "Dog the Bounty Hunter" ("the Program"). Krutonog is one of the executive producers of the Program.

Plaintiffs filed the instant action in state court on October 23, 2008.  Plaintiffs allege that Defendants engaged in various improper acts while purportedly working as "Plaintiffs' manager and de facto talent agent". [Complaint at ¶ 5.]  The primary allegation is that Defendants negotiated contractual provisions which were favorable to Defendants at Plaintiffs' expense.  The Complaint alleges the following claims: breach of fiduciary duty, constructive fraud, fraudulent concealment, negligent misrepresentation, and intentional misrepresentation. Defendants removed the instant action on December 18, 2008 based on diversity jurisdiction.

On June 23, 2009, Defendants filed a Motion to Dismiss or, in the Alternative for Stay ("June Motion to Dismiss").  On June 19, 2009, Defendants filed an interim motion to, *inter alia*, file a redacted June Motion to Dismiss under seal pending a

ruling on whether the documents related thereto should be sealed on a more permanent basis.  On August 6, 2009, this Court issued an entering order denying the interim motion, but ordering that the June Motion to Dismiss remain sealed until the district judge issued her ruling on that motion, including whether the motion should remain a pleading under seal.

On November 13, 2009, the district judge denied the June Motion to Dismiss without prejudice and gave Plaintiffs until November 20, 2009 to file an amended complaint.  The district judge did not address whether the June Motion to Dismiss should remain sealed or be unsealed.  The June Motion to Dismiss remains sealed.

Plaintiffs filed their First Amended Complaint on November 16, 2009.  The First Amended Complaint alleges the same claims as the original Complaint, except that the First Amended Complaint does not allege a claim for intentional misrepresentation.

On December 18, 2009, Defendants filed a Motion to Dismiss First Amended Complaint, or in the Alternative, to Stay ("December Motion to Dismiss"), accompanied by a Separate Concise Statement of Facts in support thereof ("December CSF").  Defendants also filed a motion seeking to, *inter alia*, provisionally seal the December Motion to Dismiss and the December CSF pending a ruling on any attempt by Plaintiffs to

establish that the documents should remain sealed on a more permanent basis. On January 29, 2010, this Court granted the request to provisionally seal the documents pending a ruling on the instant Motion.

In the instant Motion, Plaintiffs argue that the following documents should remain under seal unless otherwise ordered by the district court: 1) Sections B.1 and B.3 of the memorandum in support of the December Motion to Dismiss ("December Memorandum in Support"); 2) Exhibits A, B, D, E, F, G, H, and I to the December Memorandum in Support; and 3) Exhibits 10, 11, 12, and 13 to the December CSF (all collectively "Disputed Documents").

Exhibit A is a redacted excerpt of the ELBH&W Draft Agreement dated December 19, 2003 between Hybrid Films, Inc. ("Hybrid") and Dog Chapman.

Exhibit B is a redacted excerpt of a November 10, 2004 letter agreement amending the December 19, 2003 agreement between Hybrid and Dog Chapman.

Exhibit D is a redacted excerpt of a June 30, 2004 Life Rights Agreement between Dog and Beth Chapman and Krutonog.

Exhibit E is an excerpt of a December 13, 2005 Deal Memorandum between Dog Chapman and D&D Television Productions, Inc. ("D&D").

Exhibit F is an excerpt of a December 13, 2005 Deal

4

Memorandum between Beth Chapman and D&D.

Exhibit G is a redacted excerpt of the terms of paragraph 7.1 of the December 13, 2005 Deal Memorandum between Tim Chapman and D&D.

Exhibit H an excerpt of a December 13, 2005 Deal Memorandum between Leland Chapman and D&D.

Exhibit I is an excerpt of a December 13, 2005 Deal Memorandum between Duane Lee Chapman II and D&D Television Productions, Inc. ("D&D").

The Court notes that Exhibits E and F to the December Memorandum in Support are identical to Exhibits 10 and 11 to the December CSF, and Exhibits H and I to the December Memorandum in Support are identical to Exhibits 12 and 13 to the December CSF, except that Exhibits H and I have signature pages and Exhibits 12 and 13 do not.  Exhibits A, B, D, E, F, G, H, and I to the December Memorandum in Support are each an except or a further redacted version of a document submitted as an exhibit with the same letter identifier in support of the June Motion to Dismiss.

Plaintiffs characterize the Disputed Documents as discussing the terms of the Chapmans' employment in connection with the Program.  The Motion argues that Dog and Beth Chapman have a right to privacy under the Hawai'i Constitution and that the public filing of the Disputed Documents, as they relate to Dog and Beth Chapman, would violate their privacy rights in their

confidential personal financial information.  Plaintiffs also argue that the public filing of the Disputed Documents would result in the improper disclosure of the Chapmans' trade secrets such as "how they are employed and paid, as well as other terms of employment."  [Motion, Mem. of Points & Authorities at 4.]  Further, Plaintiffs contend that the Disputed Documents are not relevant to the issue presented in the December Motion to Dismiss – whether the First Amended Complaint states a claim upon which relief can be granted.  Thus, Plaintiffs argue that there are compelling reasons to keep the Disputed Documents filed under seal until further court order.

In their memorandum in opposition, Defendants first point out that all but two of the Disputed Documents were publicly filed in the course of a matter brought by Dog and Beth Chapman against Defendants before the California Labor Commission ("CLC Action").  Hearings were held in the CLC Action on October 15 and 16, 2007, January 6 and 7, 2009, July 15, 2009, and October 21 and 22, 2009.  CLC hearings are open to the public, and Dog and Beth Chapman did not request that the hearings officer close the hearings to the public.  Exhibits A, D, E, F, H, and I to the December Memorandum in Support were entered into evidence in the CLC Action.  [Mem. in Opp., Decl. of

Howard King[1] at ¶¶ 6-10, 12.]  Defendants argue that the public disclosure of these documents in the CLC Action forecloses any claim to confidentiality in the instant case.  Defendants also emphasize that Plaintiffs are represented by the same counsel who represents Dog and Beth Chapman in the CLC Action.  Thus, the Chapman's counsel knew or should have known that these documents were already a matter of public record.

Exhibits B and G to the December Memorandum in Support were not entered into evidence in the CLC Action, but Exhibit B - the November 10, 2004 letter agreement - is an amendment to the December 19, 2003 ELBH&W Draft Agreement, which is excerpted in Exhibit A.  Exhibit G is a portion of Tim Chapman's Deal Memorandum with D&D, and Plaintiffs have put that agreement at issue in this case.  Defendants therefore argue that Plaintiffs have no expectation of confidentiality in Exhibits B and G.

Defendants also argue that many of the specific monetary details that Plaintiffs seek to maintain under seal have already been publicized in the media.  Defendants quote a December 16, 2005 article in the Honolulu Star-Bulletin which reports that the Chapmans' contract for the third season of the Program provided for a $100,000 per episode payment to Dog Chapman and his team for twenty-six episodes.  [Mem. in Opp. at 10-12.]

---

[1] Mr. King is Defendants' counsel in the CLC Action.

Finally, Defendants argue that the Disputed Documents are relevant to the December Motion to Dismiss because the First Amended Complaint specifically alleges that Defendants negotiated Plaintiffs' employment agreements between 2003 and 2005. Thus, Defendants contend that the Disputed Documents are relevant to the December Motion to Dismiss.

In their reply, Plaintiffs reiterate the points argued in the Motion. In addition, Plaintiffs emphasize that Dog and Beth Chapman are not parties to the instant case and that Dog and Beth Chapman's finances are irrelevant. Plaintiffs argue that Defendants are trying to publicly file confidential documents to harass, embarrass, and put undue pressure on Plaintiffs and their family.

Plaintiffs also point out that some of the Disputed Documents were not used as exhibits in the hearings in the CLC Action. Plaintiffs acknowledge that CLC hearings are open to the public, but they note that California regulations do not state that papers on file with the CLC are available to the public. In fact, documents that have been entered into evidence can be withdrawn by stipulation between the parties or by their representatives. Plaintiffs state that, between the hearings in the CLC Action, the hearings officer did not retain a copy of the exhibits which are the subject of the instant Motion, although he requested copies for use in reaching his final decision.

Plaintiffs also state that the general practice in CLC hearings is that documents entered into evidence are only viewed by the attorneys, witnesses, court reporter, and hearings officer. They are not published to members of the public observing the hearing. Further, Plaintiffs state that none of the hearings in the CLC Action were attended by any member of the public. [Reply, Decl. of Martin D. Singer ("Singer Reply Decl.") at ¶¶ 4-5.] Thus, Plaintiffs argue that the admission of some of the Disputed Documents in the CLC Action does not warrant filing them publicly in the instant case.

## DISCUSSION

The applicable policy basis and standard for the sealing of court documents is set forth in <u>Kamakana v. City & County of Honolulu</u>:

> Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 & n.7 (1978). This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." <u>Id.</u> at 598. Such vigilance is aided by the efforts of newspapers to "publish information concerning the operation of government." <u>Id.</u>
>
> Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons. Our case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment

9

>investigation.
>
>Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. Foltz [v. State Farm Mut. Auto. Ins. Co.], 331 F.3d [1122,] 1135 [(9th Cir. 2003)]. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102-03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. Foltz, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

447 F.3d 1172, 1178-79 (9th Cir. 2006) (some citations and quotation marks omitted) (some alterations in original).

Defendants submitted the Disputed Documents in support of the December Motion to Dismiss, a dispositive motion. Thus, Plaintiffs must "meet the high threshold of showing that compelling reasons support" maintaining the Disputed Documents under seal. See id. at 1180 (citation and internal quotation marks omitted). In contrast, a showing of good cause under Federal Rule of Civil Procedure 26(c) is sufficient to justify sealing documents in support of non-dispositive motions. See id.

The Ninth Circuit has recognized that compelling reasons exist to maintain documents under seal where the documents "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (quoting Nixon, 435 U.S. at 598 (some citations omitted)). The mere possibility of embarrassment, incrimination, or exposure to further litigation, however, does not by itself constitute compelling reasons. See id.

    **A.   Admission in the CLC Action**

Defendants argue that there are no compelling reasons to seal Exhibits A, D, E, F, H, and I because these documents were already publicly filed in the CLC Action. Defendants emphasize that administrative hearings in California, including CLC hearings, are open to the public. See Cal. Gov't Code §§ 11410.20(a), 11425.10(a)(3).

It is true that public access to the Disputed Documents in the CLC Action may weigh in favor of unsealing them in the instant case, but previous access alone is not dispositive. See United States v. Hubbard, 650 F.2d 293, 318 (D.C. Cir. 1980). "[P]revious access has been considered relevant to a determination whether more liberal access should be granted to materials formerly properly accessible on a limited basis through legitimate public channels and to a determination whether further

11

dissemination of already accessible materials can be restrained." Id.

As noted by Plaintiffs, although CLC hearings are open to the public, California regulations do not expressly provide for public access to documents filed with the CLC.  See Cal. Code Regs. tit. 8, § 12033.[2]  Plaintiffs' counsel states that the usual practice during CLC hearings is that exhibits are only viewed by the attorneys, witnesses, hearings officer, and court reporter.  Further, at the conclusion of the hearings, the hearings officer returns all copies of the exhibits to the party entering them into evidence; the exhibits do not become part of the CLC's file.  [Singer Reply Decl. at ¶ 5.]  Defendants submitted excerpts from transcripts of the CLC Action hearings to establish that some of the Disputed Documents were admitted into evidence in the CLC Action.  Insofar as the hearings are open to the public, the transcripts of the hearings are also public record.  Thus, even if the exhibits themselves are not accessible to the public, if the purportedly confidential contents of the

---

[2] Section 12033 states:
> All papers on file in the office of the Labor Commissioner shall remain in his or her custody, and no paper on file therein shall be taken from the Labor Commissioner's office, unless the same is subpoenaed in an action pending before a court of competent jurisdiction; except that documents introduced by the parties into evidence may be withdrawn upon stipulation of the parties or by their respective representatives.

exhibits were disclosed in testimony or argument during the hearings, the public would have access to the exhibits' content through the transcripts.  This would weigh heavily against sealing the Disputed Documents in the instant case.  The excerpts of the CLC Action hearing transcripts, however, do not show extensive discussion of those exhibits.  Under these circumstances, this Court finds that there was limited, if any, public access to the Disputed Documents entered into evidence in the CLC Action.  This Court therefore finds that the admission of some of the Disputed Documents as evidence in the CLC Action does not preclude sealing the Disputed Documents in the instant case.

    B.    **Right to Privacy**

        Plaintiffs also argue that, under Hawai'i law, Dog and Beth Chapman have a right to privacy in their personal financial affairs.  The Court, however, agrees with Defendants that any right to privacy asserted by the Chapmans must be reviewed in light of the information about their financial situation which is already publicly available, such as the Star-Bulletin article about the signing of their contract for the third season of the Program.  The Chapmans would certainly have a privacy interest in financial information such as their bank account or credit card numbers.  Such information is not publicly available and could lead to irreparable harm if it became publicly available.  The Disputed Documents, however, do not contain such information and,

to the extent that the Disputed Documents contain personal identifiers like social security numbers, Defendants have redacted that information.  This Court therefore finds that Plaintiffs have not established compelling privacy reasons to maintain the Disputed Documents under seal.

**C.    Trade Secrets**

Plaintiffs also argue that the Disputed Documents contain the Chapmans' trade secrets, which they have a right to protect from disclosure.  The Chapmans are the stars of a successful reality television program.  While the amount of compensation provided to the Chapmans for the third season of the Program is widely known, the detailed terms of their contracts apparently are not.  It is understandable that the Chapmans want to prevent disclosure of these terms in order to protect their professional interests.  Plaintiffs, however, have not identified any particular harm or specific prejudice that will result if the Disputed Documents are filed publicly.

As noted *supra*, a good cause showing pursuant to Federal Rule of Civil Procedure 26(c), which governs protective orders, is sufficient to seal documents attached to non-dispositive motions.  To obtain a protective order, a party must make "a particularized showing of good cause with respect to any individual document."  San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999).  This

includes a showing of specific prejudice or harm that will result if no protective order is granted.  See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" (citation and quotation marks omitted)).

Insofar as Plaintiffs have not alleged any specific harm or prejudice that will result from the public filing of the Disputed Documents, they cannot establish good cause to maintain the documents under seal.  If Plaintiffs cannot satisfy the lower good cause standard, they also cannot establish the compelling reasons necessary to seal the Disputed Documents, which are relevant to Defendants' December Motion to Dismiss, a dispositive motion.  Plaintiffs' Motion is therefore DENIED.

This Court emphasizes that the only documents properly before the Court in the instant Motion are the Disputed Documents.  This Court's ruling does not address whether the documents associated with the June Motion to Dismiss,[3] or the original documents from which Defendants took the Disputed Documents may be maintained under seal.

---

[3] Insofar as the district judge's ruling on the June Motion to Dismiss left open the issue whether the documents submitted in support of the June Motion to Dismiss should remain under seal, the parties may wish to revisit the issue before the district judge.

## **CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motion to Seal Portions of Defendants' Motion to Dismiss First Amended Complaint, or in the Alternative, for Stay, and Supporting Memoranda and Exhibits, filed on January 19, 2010, is HEREBY DENIED.

The Court, however, STAYS the effect of this order until fifteen days after the parties are served with the order, or until the district judge rules on any appeal from this order, whichever is later.  Plaintiffs have fourteen days after being served with this order to file an appeal to the district judge.  See Local Rule LR74.1.  If Plaintiffs do not file an appeal, this Court DIRECTS the Clerk of the Court to unseal the Disputed Documents fifteen days after the parties are served with this order.  If Plaintiff files an appeal of this order, the stay shall extend until the district judge rules upon the appeal.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 26, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DUANE LEE CHAPMAN II, ET AL. V. BORIS KRUTONOG, ET AL; CIVIL NO. 08-00579 HG-LEK; ORDER DENYING PLAINTIFFS' MOTION TO SEAL PORTIONS OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR STAY, AND SUPPORTING MEMORANDA AND EXHIBITS**