IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DUANE LEE CHAPMAN II; LELAND CHAPMAN; and TIM CHAPMAN,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>BORIS KRUTONOG; PIVOT POINT ENTERTAINMENT, LLC, a limited liability company; DOE DEFENDANTS 1-20; DOE CORPORATIONS 1-20; and DOE PARTNERSHIPS 1-20,<br><br>　　　　Defendants. | Civ. No. 08-00579 HG-KSC |

**ORDER REINSTATING STAY AND DENYING DEFENDANTS' MOTION TO DISMISS (DOC. 156)**

On November 17, 2009, Plaintiffs Duane Lee Chapman II, Leland Chapman, and Tim Chapman filed a First Amended Complaint asserting claims for breach of fiduciary duties, fraud, fraudulent concealment, and negligent and intentional misrepresentation. (Doc. 119). On December 18, 2009, Defendants Boris Krutonog and Pivot Point Entertainment filed a Motion to Dismiss or, in the Alternative, Stay the case, arguing that this Court lacked jurisdiction because Plaintiffs had not exhausted issues arising under the California Talent Agencies Act by submitted a petition to the California Labor Commissioner. (Doc. 126). On March 30, 2010, the Court granted the motion to stay pending submission to the California Labor Commissioner of issues arising under the

1

California Talent Agencies Act. (Doc. 147). On November 24, 2010, Magistrate Judge Kobayashi lifted the stay. (Doc. 153). On December 17, 2010, Defendants filed a new Motion to Dismiss, arguing that Plaintiffs failed to file the action before the California Labor Commissioner as this Court had ordered. (Doc. 156).

Defendants' Motion to Dismiss is **DENIED**. The Court reinstates the **STAY** of the case pending a review of Plaintiffs' petition before the California Labor Commissioner concerning issues arising under the California Talent Agencies Act.

**ANALYSIS**

Defendants previously moved to dismiss or, in the alternative, stay the case, arguing that the Court lacks jurisdiction because Plaintiffs have not administratively exhausted issues arising under the California Talent Agencies Act ("TAA"). Under the California Supreme Court's holding in Styne v. Stevens, 26 P.3d 343 (Cal. 2001), the California Labor Commissioner has exclusive jurisdiction to decide in the first instance issues arising under the TAA. Because the California Labor Commissioner has exclusive jurisdiction to decide issues under the TAA in the first instance, the Court entered a stay pending submission to the California Labor Commissioner of issues arising under the TAA.

On November 24, 2010, approximately eight months after the

Court entered the stay, no filing having been made by Plaintiffs before the California Labor Commissioner, Magistrate Judge Kobayashi issued an Amended Rule 16 Scheduling Order, lifting the Court's stay and setting a trial date.

On December 17, 2010, Defendants moved to dismiss, arguing that too much time had passed since the Court directed Plaintiffs to submit a claim to the California Labor Commission, and Plaintiffs had failed to do so. Defendants argued that the case should be dismissed because Plaintiffs failed to prosecute their claims before the California Labor Commissioner.

On January 12, 2011, two days before the deadline to file their Opposition to Defendants' Motion, the Plaintiffs filed a petition with the California Labor Commissioner. (Exhibit 1 to Opposition to Motion to Dismiss (Doc. 158-2)). The Court is concerned about Plaintiffs' lengthy delay in filing. Although the Court has discretion to dismiss for failure to prosecute, the public policy favoring disposition on the merits is given great weight. See Ferdik v. Bonzalet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court reinstates a **STAY** pending review of Plaintiff's petition before the California Labor Commissioner.

Plaintiffs shall keep the Court apprised of the status of the petition. Plaintiffs shall report any ruling by the California Labor Commissioner to the Court within 10 days of entry. A status hearing will be held on September 12, 2011 at 11:00 am. Five days

3

prior to the hearing, each side shall file a written report on the status of the case.

## CONCLUSION

(1) Defendants' Motion to Dismiss (Doc. 156) is **DENIED**;

(2) This case is **STAYED** pending the outcome of Plaintiffs' petition before the California Labor Commissioner concerning issues arising under the California Talent Agencies Act;

(3) Plaintiffs shall report any ruling by the California Labor Commissioner to the Court within 10 days of entry; and

(4) A status hearing will be held on September 12, 2011 at 11:00 am.

IT IS SO ORDERED.

DATED: February 28, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Duane Lee Chapman II; Leland Chapman; and Tim Chapman v. Boris Krutonog and Pivot Point Entertainment, LLC; Civ. No. 08-00579 HG-KSC; **ORDER REINSTATING STAY AND DENYING DEFENDANTS' MOTION TO DISMISS (DOC. 156)**