IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Duane Lee Chapman, II; Leland Chapman; Tim Chapman,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Boris Krutonog; Pivot Point Entertainment, LLC, a limited liability company; Doe Defendants 1-20; Doe Corporations 1-20; Doe Partnerships 1-20,<br><br>　　　　Defendants. | Civ. No. 08-00579 HG-KSC |

**ORDER GRANTING MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 41(B)**

The case before the Court arises out of an alleged business relationship between Plaintiffs and Defendants.  Plaintiffs brought causes of action for breach of fiduciary duty, constructive fraud, fraudulent concealment, and negligent or intentional misrepresentation.

Defendants move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with the rules of the court, and failure to comply with court orders.  Defendants' Motion to Dismiss is **GRANTED**.  The First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

1

## PROCEDURAL HISTORY AND BACKGROUND

On October 23, 2008, Plaintiffs Duane Lee Chapman II, Leland Chapman, and Tim Chapman filed a Complaint in the State of Hawaii Circuit Court of the First Circuit. (ECF No. 1-4.)

On December 18, 2008, Defendants Boris Krutonog and Pivot Point Entertainment removed the action to the United States District Court, District of Hawaii. (ECF No. 1.)

On November 17, 2009, Plaintiffs filed a First Amended Complaint. (ECF No. 119.)

On December 18, 2009, Defendants filed a Motion to Dismiss or, in the Alternative, Stay the Case. Defendants argued that the Court lacked jurisdiction because Plaintiffs had not exhausted issues arising under the California Talent Agencies Act by submitting a petition to the California Labor Commissioner. (ECF No. 126.)

On March 30, 2010, the Court granted the Motion to Stay pending submission of a petition to the California Labor Commissioner. (ECF No. 147.)

On November 24, 2010, the Magistrate Judge lifted the stay. (ECF No. 153.)

On December 17, 2010, Defendants filed another Motion to Dismiss, arguing that Plaintiffs failed to file the petition before the California Labor Commissioner as ordered by this Court. (ECF No. 156.)

On January 12, 2011, Plaintiffs filed a petition with the California Labor Commissioner, entitled <u>Duane Lee Chapman II, Leland Chapman, and Tim Chapman, as Petitioners, v. Boris Krutonong and Pivot Point Entertainment, LLC</u>, Case No. TAC 20948, Division of Labor Standards Enforcement, Department of Industrial Relations, State of California.  (ECF No. 158-2.)

On February 28, 2011, the Court reinstated the stay of the case pending a review of Plaintiffs' petition before the California Labor Commissioner concerning issues arising under the California Talent Agencies Act.  (ECF No. 164.)

On September 18, 2011, a Status Conference was held.  The Parties agreed that the stay shall remain in place pending the outcome of the California proceeding.  (ECF No. 169.)

On April 18, 2012, a Status Conference was held and the stay remained in place.  (ECF No. 172.)  The Court ordered the Parties to file statements regarding a related action pending in the United States District Court for the Southern District of New York.

On December 12, 2012, a Status Conference was held and the stay remained in place.  (ECF No. 178.)  The Parties were ordered to apprise the Court if any decisions are made by the California Labor Commission or the United States District Court for the Southern District of New York.

On June 11, 2013, The Law Offices of Philip R. Brown filed a

Motion to Withdraw As Counsel for Plaintiffs Duane Lee Chapman II, Leland Chapman, and Tim Chapman.  (ECF No. 179.)

On June 19, 2013, the Court issued an Order stating that all Plaintiffs shall be present in person or telephonically for the June 26, 2013 hearing on The Law Offices of Philip R. Brown's Motion to Withdraw As Counsel for Plaintiffs. (ECF No. 182.)

On June 26, 2013, the Court granted The Law Offices of Philip R. Brown's Motion to Withdraw As Counsel.  Lavely & Singer made an Oral Motion to Withdraw As Counsel for Plaintiffs, relying on the same reasons put forward in Attorney Brown's written Motion.  Lavely & Singer's Motion was also was granted.  (ECF No. 189.)

Plaintiffs did not appear at the June 26, 2013 hearing. Plaintiffs were ordered to appear at the Status Conference set for August 5, 2013, either in person if they are within the jurisdiction, or telephonically if they are outside of the District of Hawaii.  (ECF No. 189.)

On June 26, 2013, the Court ordered Plaintiffs to file a written report on the status of the case five days prior to the August 5, 2013 Status Conference.  (ECF No. 189.) Plaintiffs did not file a status report.

Plaintiffs did not contact the Court or appear at the August

4

5, 2013 hearing.  (ECF No. 191.)

On August 15, 2013, Defendants filed a Motion to Dismiss for Lack of Prosecution.  (ECF No. 193.)

Plaintiffs have failed to respond to the Motion to Dismiss.

Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion to Dismiss without a hearing.

**STANDARD OF REVIEW**

**I.   Federal Rule of Civil Procedure 41(b)**

Federal Rule of Civil Procedure 41(b) provides, in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders.  Pagano v. OneWest Bank, F.S.B., CV 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

A district court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to

5

comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

**ANALYSIS**

**I.   Federal Rule of Civil Procedure 41(b)**

It is necessary to weigh five factors to determine if a case should be dismissed under Federal Rule of Civil Procedure 41(b): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  Pagtalunan, 291 F.3d at 642.

**1.   The public's interest in expeditious resolution of litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiffs have failed to pursue the case for the past three months, have failed to comply with four Court orders, and have

failed to communicate with counsel and/or with the Court.  The public's interest in expeditious resolution of litigation weighs in favor of dismissal.

**2.  The court's need to manage its docket**

The Ninth Circuit Court of Appeals has highlighted the importance of preserving the district courts' power to manage their dockets without being subject to noncompliance of litigants.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).  For nearly five years, Plaintiffs' case has consumed the Court's time that could have been devoted to other cases.  The case was stayed from March 30, 2010 to November 24, 2010.  The stay was reinstated three months later on February 28, 2011, and the stay has remained in place to the present date.  Plaintiffs' complete lack of communication with the Court and failure to appear at the June 26, 2013 Hearing and the August 5, 2013 Status Conference have undermined the Court's docket management.  This factor weighs in favor of dismissal.

**3.  The risk of prejudice to the defendant**

In determining whether a defendant has been prejudiced, the Court examines whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.  <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir. 1987).

Plaintiffs have repeatedly failed to follow Court orders.

Plaintiffs did not appear at the June 26, 2013 hearing on The Law Offices of Philip R. Brown's Motion to Withdraw As Counsel for Plaintiffs.  During the June 26, 2013 hearing, Counsel Brown stated that he notified Plaintiffs via certified mail of the Court's June 19, 2013 Order to appear at the hearing on the Motion to Withdraw As Counsel, but Plaintiffs had not responded or contacted him.  (ECF No. 189.)  At the hearing, Plaintiffs' co-counsel Lavely & Singer orally moved to withdraw as counsel due to a breakdown in communication with the Plaintiffs.  The Court granted The Law Offices of Philip R. Brown and Lavely & Singer's Motions to Withdraw As Counsel for Plaintiffs.

Plaintiffs failed to comply with the Court's orders regarding the August 5, 2013 Status Conference.  Plaintiffs did not file a status report five days prior to the Status Conference.  Plaintiffs did not appear at the August 5, 2013 Status Conference.  At the hearing, Defendants stated their intention to file a Motion to Dismiss for Lack of Prosecution. The Court ordered that Plaintiffs file a Response within fourteen days after the filing of Defendants' Motion to Dismiss. Defendants filed the Motion to Dismiss for Lack of Prosecution on August 15, 2013; however, Plaintiffs did not file a Response.

Plaintiffs have also failed to update the Court on the status of the proceeding pending before the California Labor Commissioner since December 7, 2012.  A hearing on Defendants'

8

motion to dismiss Plaintiffs' petition was held on December 6, 2011. (Plaintiffs' Status Report, dated Dec. 7, 2012, ECF No. 177.) Based on the filings before the Court, Defendants' motion to dismiss has not been ruled on by the assigned hearing officer.

Defendants have expended significant time and resources on this case. Plaintiffs dilatory conduct has caused an unreasonable delay and has prejudiced the Defendants. See Guzman v. Cent. Pac. Home Loans, Inc., CIV. 11-00126 LEK, 2011 WL 3292281, at *5 (D. Haw. July 29, 2011). The risk of prejudice to the Defendants weighs in favor of dismissal.

### 4. The availability of less drastic alternatives

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006)(quoting Malone, 833 F.2d at 131-32). Less drastic sanctions include:

> a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the courts, ... dismissal of the suit unless new counsel is secured ... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . .

Id. If a plaintiff violates a court order, issuing a warning and providing the plaintiff with another chance to comply with the court's order may be considered a less drastic sanction. Id.

After the Plaintiffs failed to appear at the June 26, 2013 hearing on the Motion to Withdraw As Counsel, the Court ordered them to appear either telephonically or in person at the August 5, 2013 Status Conference.  (ECF No. 189.)  The Court reiterated Defense Counsel's representation that the Defendants intend to file a motion to dismiss for failure to prosecute if the Plaintiffs fail to take action in the case.

Plaintiffs failed to appear at the August 5, 2013 status conference and the Defendants made an oral request to dismiss the action for failure to prosecute.  The Court ordered the Defendants to file a Motion to Dismiss and afforded the Plaintiff's an opportunity to respond.  Plaintiffs have failed to respond.

The Court has considered less drastic alternatives.  The fourth factor weighs in favor of dismissal in light of Plaintiffs' dilatory conduct, their disregard for the Court's warnings regarding dismissal for failure to prosecute, and their failure to respond to the Defendant's Motion to Dismiss.

**5.  The public policy favoring the disposition of cases on their merits**

Although public policy favors disposition of a case on the merits, Plaintiffs have failed to comply with four Court orders, have failed to take any action in this case over the past three months, and have failed to communicate with their own counsel and with the Court.  The Court finds that the fifth factor is

10

outweighed by the other four factors.

Defendants' Motion to Dismiss is **GRANTED**.  The First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.  Dismissal of Plaintiffs' Complaint without prejudice is appropriate. Plaintiffs' petition before the California Labor Commissioner remains pending and a dismissal without prejudice will not impact the pending matters before the California Labor Commissioner.

### CONCLUSION

Plaintiffs have failed to prosecute their claims and have failed to comply with Court orders.

Defendants' Motion to Dismiss is **GRANTED**.  The First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.


IT IS SO ORDERED.

DATED: September 9, 2013, Honolulu, Hawaii.



                                         /S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge


Chapman, II, et al. v. Krutonoq, et al.; Civil No. 08-00579 HG-KSC; ORDER GRANTING MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B).